IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLY JEAN KEENER, )
)
      Plaintiff, )
)
    v. ) Civil Action No. 14-0056
)
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

O R D E R

    AND NOW, this 23rd day of December, 2014, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff essentially argues that the Administrative Law Judge ("ALJ") failed to base her assessment of Plaintiff's residual functional capacity ("RFC") on substantial evidence. Specifically, Plaintiff alleges that the ALJ's decision, which gave greater weight to the opinion of the state reviewing agent, and less weight to the opinions of the two consultative physicians in the case, was not based on substantial evidence. See Memorandum in Support of Plaintiff's Motion for Summary Judgment (Doc. No. 13 at 3-4); Plaintiff's Reply to Defendant's Responsive Brief (Doc. No. 16 at 1-2). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as her ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention regarding the ALJ's decision to give less weight to the opinions rendered by Dr. Tavoularis and Dr. Carosso, the two consultative examiners in the case. It is well-established that "[t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). Moreover, the Court finds that the ALJ, in determining Plaintiff's RFC, fulfilled her obligation to address all the relevant opinions and demonstrated her consideration of those opinions. The Third Circuit has stated that, in making an RFC determination, an ALJ may give more weight to a non-examining professional's opinion if that opinion is better supported by the record. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of a non-examining state agency reviewing psychologist, rather than the opinions of a treating physician and a consultative examiner). As in Salerno, the record here establishes that the ALJ was likewise entitled to give more weight to the state agency examiner's opinion than to those of the consultative examiners.

Throughout her decision, the ALJ clearly considered all the relevant evidence in the record, provided discussion of the evidence to support her evaluation, and ultimately concluded that the opinions of the consulting examiners were not supported by the evidence as a whole. (R. 36-45). For instance, after detailing Plaintiff's overall history, the ALJ stated that she gave the opinions of both Dr. Carosso and Dr. Tavoularis little weight because they describe Plaintiff "as having limited or borderline intelligence," which was "not supported by [Plaintiff's] overall performance in school as well as testing done at that time." (R. 44). The ALJ pointed out, further, that she had doubts as to Plaintiff's credibility in the matter. (R. 44). Even regarding the validity of Plaintiff's "most recent display of borderline intelligence" during Dr. Carosso's testing, the ALJ noted that the examiner mentioned Plaintiff's limited motivation and energy level "which could have influenced those test results." (R. 36, 44). Meanwhile, no such limits were apparently present at the time of testing by Plaintiff's school, which described her "as having average IQ, with average ability to function in classes that pleased her." (R. 44). Moreover, Plaintiff "showed normal intelligence from first grade through the end of high school and in the absence of any organic mental disorder or history of head trauma," the ALJ found the recent scores to be "questionable." (R. 44). Thus, the ALJ found that "[t]he discrepancies between [Plaintiff's] statements and the objective evidence in the record severely erode her credibility." (R. 44).

Moreover, the ALJ pointed out that the consultative examiners each simply performed one-time evaluations of Plaintiff at the request of the Administration. (R. 42-43). It should be noted that Dr. Carosso and Dr. Tavoularis were not Plaintiff's treating physicians, whose opinions would generally be afforded significant weight if such opinions were "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). On the other hand, the ALJ stressed that Dr. Schiller, the state agency consultant, "had the benefit of reviewing the objective evidence in the record at the time of the initial determination," and he found Plaintiff's impairments to be "severe but not disabling." (R. 45). Upon review, the Court therefore finds that the ALJ properly discharged her duty to address the various opinions in the record. The Court finds that substantial evidence supports the ALJ's evaluation of the opinion evidence and her decision to give greater weight to the state agency consultant's opinion, while giving less weight to the opinions of the consulting examiners, in making her determinations.

Furthermore, the ALJ's decision shows that she ultimately relied on far more than the state agency reviewer's opinion alone in reaching her conclusions, as she cited to a great deal of objective evidence in the record and to Plaintiff's own testimony. In fact, after carefully considering the evidence, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with" the ALJ's RFC assessment. (R. 40). In her decision, the ALJ described Plaintiff's medical treatment and Plaintiff's own statements in connection with her alleged impairments, and found that the objective findings of record and Plaintiff's treatment history did not fully support the limitations she alleged. For example, the ALJ stated that Plaintiff "alleges longstanding disability due to mental impairments that would date to high school based on her statements to medical providers," yet she had no psychiatric treatment until September of 2010. (R. 44). Moreover, the ALJ pointed out that Plaintiff sought intermittent treatment for various physical impairments over the years, but she "did not mention any psychiatric distress to her primary care physicians until 2011." (R. 44). With regard to Plaintiff allegedly having migraine headaches four times per week to daily, the ALJ noted that Plaintiff had never undergone any medical testing for them, and although her medical records showed that she was not prescribed migraine medication, Plaintiff claimed that she took Tramadol. (R. 44). As for cocaine use, the ALJ cited Plaintiff's conflicting statements to her psychiatrist, Dr. Howland, that she last used cocaine in 2009, and, to Dr. Carosso, that she last used it in 2004. (R. 44). Regardless, the ALJ explained that Dr. Howland noted Plaintiff's noncompliance in taking medication and that he eventually discharged Plaintiff from his treatment, citing her noncompliance and failure to keep appointments. (R. 44). The ALJ eventually concluded, after considering objective evidence and testimony concerning this claim, that Plaintiff was "not entirely credible regarding the extent of her symptoms." (R. 44).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 11) is DENIED and Defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

In sum, the ALJ addressed all relevant evidence in the record, including ample consideration of the opinion evidence, and she thoroughly discussed the basis for her RFC finding. After careful review of the record, the Court finds that there is substantial evidence to support the ALJ's assessment of Plaintiff's RFC, and substantial evidence to support the ALJ's weighing of the opinion evidence in reaching her final decision. Accordingly, the Court affirms.